IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

TRICIA ANNE RILEY  :
3800 Reservoir Road, N.W. :
Georgetown Hospital  :
Kober Cogan Hall #101  :
Washington, D.C.  20007  :
        :
   Plaintiff   :
        :
  v.      :  Case Number 1:07cv00452 (RMU)
        :  Judge Ricardo M. Urbina
        :
AMER IQBAL    :
17648 Tedler Circle   :
Round Hill, Virginia 20141  :
        :
   Defendant  :

### PLAINTIFF'S MOTION TO REMAND THE CASE
### TO THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

COMES NOW Plaintiff, Tricia Anne Riley ("Riley"), by and through the undersigned counsel, and moves the Court to remand the above-captioned matter to the Superior Court for the District of Columbia, and as grounds states as follows:

1. This action is not removable to the District Court, since it did not have original jurisdiction over the action under 28 U.S.C. §1441.  This action arises out of Plaintiff's complaint for a temporary restraining order against Defendant on account of his harassment of her over a six-month time period.  As a result, this action is a non-removable matter.

2. Defendant also failed to file his notice of removal within thirty days after receiving a copy of Plaintiff's complaint.  Plaintiff filed her Complaint on January 8, 2007, and Defendant filed his Notice of Removal on March 8, 2007.  Therefore, he failed to comply with 28 U.S.C. §1446(b), which requires that the notice of removal of a civil action shall be filed within thirty days after Defendant's receipt of a copy of the initial pleading.

3.    Defendant also failed to file a copy of the notice of removal with the Clerk of the Superior Court for the District of Columbia.  Therefore, he failed to comply with 28 U.S.C. §1446(d).

4.    The District Court clearly has no original jurisdiction over the subject matter of this action, as it involves neither a federal question nor a matter in which Plaintiff alleges complete diversity or damages in excess of $75,000.  *See* 28 U.S.C. §§1331 and 1332.  As a result, this Court should promptly remand this action to the Superior Court for the District of Columbia for further proceedings.  28 U.S.C. §1447.

WHEREFORE, upon the grounds set forth in the Statement of Points and Authorities attached hereto, Plaintiff prays this Honorable Court for an Order remanding the action to the Superior Court for the District of Columbia for further proceedings, and awarding her costs, attorney fees and other such expenses pursuant to 28 U.S.C. §1447(c) that the Court deems just for the filing of this motion.

Respectfully submitted,

BRAULT GRAHAM, P.L.L.C.


/s/ Bradford J. Roegge
Bradford J. Roegge (DC Bar No. 457069)
101 South Washington Street
Rockville, Maryland 20850
301-424-1060
broegge@braultgraham.com
*Attorney for Plaintiff Tricia Anne Riley*

**Certificate of Service**

I hereby certify that on this 11<u>th</u> day of <u>April</u>, 2007, I caused a copy of the foregoing to be sent by U.S. mail, first-class postage prepaid, to:

       Mr. Amer Iqbal
       17648 Tedler Circle
       Round Hill, Virginia 20141


       /s/ Bradford J. Roegge
       Bradford J. Roegge

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

TRICIA ANNE RILEY          :
3800 Reservoir Road, N.W.     :
Georgetown Hospital           :
Kober Cogan Hall #101       :
Washington, D.C.  20007     :
                                 :
         Plaintiff         :
                                 :
       v.               :      Case Number 1:07cv00452 (RMU)
                                 :      Judge Ricardo M. Urbina
AMER IQBAL               :
17648 Tedler Circle            :
Round Hill, Virginia 20141    :
                                 :
        Defendant      :

## PLAINTIFF RILEY'S STATEMENT OF POINTS AND AUTHORITIES

### I.    Statement of Undisputed Material Facts

      A.    On March 8, 2007, Defendant filed a Notice of Removal requesting that this Court review the transcript of his Temporary Restraining Order ("TRO") hearing in the Superior Court for the District of Columbia occurring on January 18, 2007.  During that hearing, Defendant voluntarily signed a Consent Order under which he agreed a) to stay at least 100 feet away from Plaintiff Tricia Anne Riley ("Ms. Riley"); and b) not to contact Ms. Riley by telephone, in writing or in any other manner either directly or indirectly.  The TRO remains in effect until January 17, 2008.  *See* Consent Order, Exhibit 1.

      B.    Defendant has a long history of bizarre behavior and harassment of Ms. Riley.  After briefly meeting Ms. Riley at Georgetown University Hospital on one occasion in June 2006 at his son's audiology test, Defendant has repeatedly harassed Ms. Riley despite all attempts to inform him not to contact her.  *See* Personal Statement of Susan Morgan, Exhibit 2; Defendant's New Year's

Card, Exhibit 3. The harassment culminated on January 5, 2007 when, unbeknownst to Ms. Riley, Defendant appeared at her parents' house in a bizarre effort to locate her. *See* Defendant's Email, January 13, 2007, Exhibit 4. Now, even after signing the Consent Order, Defendant has continued his threatening behavior by claiming that he was married to Ms. Riley and actually applying for a marriage license to her. All of this activity has been directly or indirectly communicated to Ms. Riley in violation of the TRO.

      C.      On January 19, 2007, the day after the hearing, Defendant requested the transcript of the TRO proceeding. *See* Request for Transcript, Exhibit 5. On January 31, 2007, Defendant filed a Motion to Dismiss the TRO, alleging in part that he consented to the Order under duress and without the advice of legal counsel. The Motion was rejected for failure to provide Certificate of Service upon Plaintiff. *See* Motion to Dismiss, Exhibit 6; Notice of Motion Rejection, Exhibit 7.

      D.      On February 6 and 8, 2007, respectively, Defendant wrote two (2) letters to the Honorable Robert S. Tignor in which he alleged that the court reporter had tampered with the transcript in a variety of ways. In the February 6th letter, Defendant specifically alleged that the court reporter failed to transcribe the fact that he had been married to Ms. Riley during the hearing. *See* Exhibit 8. In the February 8th letter, Defendant requested an emergency hearing to identify the errors in the transcript and requested tape and video recordings of the hearing. *See* Exhibit 9.

      E.      On February 16, 2007, Judge Tignor informed Defendant in writing that there was no discussion of marriage at the January 18th TRO hearing and denied his request for an emergency hearing. Judge Tignor also warned Defendant about the possibility of imprisonment for contempt of court if he violated the directives of the TRO. *See* Exhibit 10; TRO Hearing Transcript, Exhibit 11. Judge Lynn Leibovitz, subsequently assigned to the matter, denied Defendant's Motion to

Dismiss the TRO.  *See* Exhibit 12.

       F.      On February 23, 2007, Ms. Riley received a telephone message from the District of Columbia Marriage Bureau about a marriage license for which she had apparently applied.  Ms. Riley was informed that unbeknownst to her, Defendant had applied for a marriage license to be married to her.  *See* Exhibit 13.  Ms. Riley did not sign the application, and the marriage license was never issued.

       G.      Defendant now seeks to remove the case to U.S. District Court for relief from the TRO issued by the Superior Court.  As he previously argued in his Motion to Dismiss with the Superior Court, Defendant claims in essence that he has unfairly been denied a re-hearing on his TRO by the Superior Court and that the court reporter at the TRO hearing failed to accurately transcribe his TRO hearing.  *See* Notice of Removal.  The hearing transcript and Judge Tignor make it entirely clear that Defendant is delusional in his belief that he was married to Ms. Riley during the hearing.  *See* Exhibits 10 and 11.

       H.      On the face of Plaintiff's Complaint for a TRO and the Notice of Removal, Defendant has failed to allege any basis for removing the case to U.S. District Court.  *See* Complaint, Exhibit 14, and Notice of Removal.

## II.    Argument

### A.    Legal Standard for Remand

      Federal courts are courts of limited jurisdiction and therefore the law presumes that "a cause lies outside of [the Court's] limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1637, 128 L.Ed. 2d 391 (1994).  According to the removal statute, a defendant may properly remove to federal court an action brought in a state court when original

subject matter jurisdiction exists in the form of diversity. 28 U.S.C. §1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed. 2d 318 (1987). Diversity jurisdiction exists when the action involves citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332(a); *Carden v. Arkoma Assocs.*, 494 U.S.C. 185, 187, 110 S. Ct. 1015, 108 L.Ed. 2d 157 (1990). Courts must strictly construe removal statutes. *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09, 61 S. Ct. 868, 85 L.Ed. 1214 (1941)). If federal jurisdiction is doubtful, a remand is necessary. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S. Ct. 1673.

If a defect in removal procedures or lack of subject matter jurisdiction becomes apparent at any point prior to final judgment, the removal court must remand the case to the state court from which the defendant originally removed the case. 28 U.S.C. §1447(c). If the federal court lacks subject matter jurisdiction, remand is mandatory. *Republic of Venezuela v. Philip Morris, Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003). This Court has agreed that grounds for removal must "be apparent within the four corners of the initial pleading or subsequent paper." *Gulien v. CCA of Tennessee, Inc.*, 268 F. Supp. 2d 19, 22 (D.D.C. 2003) (quoting *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)).

### B.    This Court Must Remand the Case Because Defendant Cannot Prove Federal Subject Matter Jurisdiction

At the outset, the Court must assure itself that it has subject matter jurisdiction over the action. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740, 96 S. Ct. 1202, 47 L.Ed. 2nd 435 (1976); *Cobell v. Norton*, 240 F.3d 1081, 1094 (D.C. Cir. 2001).

4

Reviewing Plaintiff's Complaint and Defendant's Notice of Removal, it is clear that neither document satisfies the amount-in-controversy requirement. 28 U.S.C. §1332. The Complaint makes no demand for damages or compensatory relief. Rather, her claimed relief is only for a temporary restraining order against Defendant. *See* Exhibit 14. Furthermore, there is nothing on the face of Plaintiff's Complaint that invokes federal question jurisdiction under 28 U.S.C. §1331. Since Plaintiff's Complaint seeks only a temporary restraining order against Defendant, this action clearly does not arise under the Constitution, laws, or treaties of the United States.

Alternatively, even if Defendant were able to meet the statutory requirement for amount-in-controversy, this Court must still remand the case because Defendant failed to file his Notice of Removal within the thirty day period required by 28 U.S.C. §1446(b). Indeed, the statute for removal provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. §1446(b). Because Defendant was served with the Complaint on January 18, 2007, the Complaint was the paper which should have alerted him as to whether the case had in fact met the statutory amount in controversy or involved a federal question. Defendant, however, filed his Notice of Removal on March 8, 2007, well after the expiration of the thirty-day period prescribed by the statute. Accordingly, the Court must remand the case to the state court. 28 U.S.C. §1447.

Under a strict construction of the federal removal statutes, it is clear that this Court has no subject matter jurisdiction over the action. This case involves neither a federal question nor a matter in which Plaintiff alleges complete diversity or damages in excess of $75,000. As a result, this Court has no original jurisdiction of the action and it must be remanded to the Superior Court for

the District of Columbia for further proceedings and awarding her costs, attorney fees and other such

expenses pursuant to 28 U.S.C. §1447(c) required for the filing of this motion.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff Tricia Anne Riley respectfully moves this

Honorable Court for an Order remanding the action to the Superior Court for the District of

Columbia for further proceedings.

Respectfully submitted,

BRAULT GRAHAM, P.L.L.C.


/s/ Bradford J. Roegge
Bradford J. Roegge (Bar No. 457069)
101 South Washington Street
Rockville, Maryland 20850
301-424-1060
broegge@braultgraham.com
*Attorney for Plaintiff Tricia Anne Riley*


**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April, 2007, I caused a copy of the foregoing to be
sent by U.S. mail, first-class postage prepaid, to:

Mr. Amer Iqbal
17648 Tedler Circle
Round Hill, Virginia 20141


/s/ Bradford J. Roegge
Bradford J. Roegge

6

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

TRICIA ANNE RILEY          :
3800 Reservoir Road, N.W.   :
Georgetown Hospital         :
Kober Cogan Hall #101       :
Washington, D.C.  20007     :
                            :
          Plaintiff         :
                            :
     v.                     :     Case Number 1:07cv00452 (RMU)
                            :     Judge Ricardo M. Urbina
AMER IQBAL                  :
17648 Tedler Circle         :
Round Hill, Virginia 20141  :
                            :
          Defendant         :

## CERTIFICATE OF SERVICE

I hereby certify that on this 11<u>th</u> day of <u>April</u>, 2007, I caused a copy of Plaintiff Riley's Motion to Remand the Case to the Superior Court for the District of Columbia, Memorandum of Points and Authorities in support of the motion, the proposed Order, the Exhibits to the motion, and this Certificate of Service, to be sent by U.S. mail, first-class postage prepaid, to:

Mr. Amer Iqbal
17648 Tedler Circle
Round Hill, Virginia 20141

Respectfully submitted,

BRAULT GRAHAM, P.L.L.C.

/s/ Bradford J. Roegge
Bradford J. Roegge (Bar No. 457069)
101 South Washington Street
Rockville, Maryland 20850
301-424-1060
broegge@braultgraham.com
*Attorney for Plaintiff Tricia Anne Riley*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRICIA ANNE RILEY | : | |
| 3800 Reservoir Road, N.W. | : | |
| Georgetown Hospital | : | |
| Kober Cogan Hall #101 | : | |
| Washington, D.C.  20007 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case Number 1:07cv00452 (RMU) |
| | : | Judge Ricardo M. Urbina |
| AMER IQBAL | : | |
| 17648 Tedler Circle | : | |
| Round Hill, Virginia 20141 | : | |
| | : | |
| Defendant | : | |

**<u>ORDER</u>**

Upon consideration of Plaintiff Riley's Motion to Remand the Case to the Superior Court for the District of Columbia, and the entire record herein, it is, this _____ day of _____, 2007, by the United States District Court for the District of Columbia, hereby

ORDERED, that Plaintiff Riley's Motion to Remand the Case to the Superior Court for the District of Columbia be and the same is hereby GRANTED, and it is further

ORDERED, that Defendant pay Plaintiff her costs and attorney fees incurred in the filing of her Motion for Remand.

_____
Ricardo M. Urbina, U.S. District Judge

<u>Copies to</u>:
Bradford J. Roegge, Esq.
Brault Graham, P.L.L.C.
101 South Washington Street
Rockville, Maryland 20850
broegge@braultgraham.com
*Attorney for Plaintiff Tricia Anne Riley*

Mr. Amer Iqbal
17648 Tedler Circle
Round Hill, Virginia 20141
*Pro Se Defendant*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

TRICIA ANNE RILEY                    :
                                     :
              Plaintiff              :
                                     :
       v.                            :    Case Number 1:07cv00452 (RMU)
                                     :    Judge Ricardo M. Urbina
AMER IQBAL                           :
                                     :
              Defendant              :

### INDEX OF EXHIBITS FOR PLAINTIFF'S MOTION TO REMAND

| Exhibit No. | Description |
|---|---|
| 1 | Consent Order, 1/18/07 |
| 2 | Personal Statement of Susan Morgan, 9/26/06 |
| 3 | New Year's card |
| 4 | E-mail from Defendant to Plaintiff, 1/13/07 |
| 5 | Request for Transcript, 1/19/07 |
| 6 | Defendant's Motion to Dismiss the Temporary Restraining Order, 1/31/07 |
| 7 | Notice of Motion Rejection |
| 8 | Defendant's first letter to Judge Robert S. Tignor, 2/6/07 |
| 9 | Defendant's second letter to Judge Tignor, 2/8/07 |
| 10 | Judge Tignor's response letter to Defendant, 2/16/07 |
| 11 | Transcript of 1/18/07 hearing on temporary restraining order |
| 12 | Order signed by Judge Leibovitz denying Defendant's Motion to Dismiss Temporary Restraining Order, 2/28/07 |
| 13 | Application for Marriage License filed by Defendant |
| 14 | Plaintiff's D.C. Superior Court Complaint, 1/8/07 |

# EXHIBIT 1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**A TRUE COPY**
TEST:

_Tricia Anne Riley_
                    **Plaintiff**

Superior Court of
the District of Columbia

By _____
Deputy Clerk

**vs.**                    C.A. No. _____

_Amer Iqbal_
                    **Defendant**

### CONSENT ORDER

Upon consideration of the plaintiff's application for a Temporary Restraining

Order, and the record herein, and the consent of all parties, it is by the Court

this _18_ day of _January_ , 200_7_, hereby **Ordered,** that;

~~1. Defendant shall not ___ assault, ___ threaten, ___ harass, or~~ _RST_

~~___ physically abuse Plaintiff in any manner.~~ _RST_

**1.** Defendant shall stay at least 100 feet away from the

Plaintiff's _X_ person, _X_ home, _X_ workplace, _except that Defendant_
~~and~~ _may be present at Georgetown University Hospital whenever_
_necessary to assist with the treatment of his minor child._
_At such times Defendant will stay as far away from Plaintiff_
_as is practicably possible._
**2.** Defendant shall not contact the Plaintiff in any manner,
_(communicate with)_
including but not limited to: _X_ telephone, _X_ in writing,

I

or _X_ in any other manner either directly or indirectly,

(Defendent shall stay away from and not

through a third party. communicate with Plaintiffs family + relatives.

to whether any.

3. The court makes no findings whatsoever as
inappropriate conduct has occurred.

_Robert C. Tagar_

**JUDGE**

4. This order shall remain in effect until 1/17/08

Plaintiff

Defendant                                    1/18/07

2

# EXHIBIT 2

**Georgetown University Hospital**

*MedStar Health*

## Protective Services Department
## Personal Statement Form

Tricia Riley - Audiologist

Name: Susan Magan, Director of Audiology
Address: 3800 Reservoir Rd NW
Washington, DC 20007
Phone #: 202-687-5136

## Personal Statement

Mr. Iqbal Amer brought his son, Hannan, to the Audiology clinic on 6-5-06. Tricia Riley, M.A. & Miranda Adams, M.S. tested Hannan. About 1 month later, Mr. Amer left a message for Tricia to call him. Assuming it was about Hannan's test results Tricia called him at which time Mr. Amer asked Tricia out on a date. Tricia told him no that she had a boyfriend and did not want to go out with him. The next day, Mr. Amer left a message for Tricia saying that he would stop by the clinic the following day. Tricia called him the next day & spoke with him directly & told him not to come see her at the clinic. She also told him that she did not want any personal contact with him. Over the next 6 weeks Mr. Amer left approximately 4 to 6 voice mail messages for Tricia requesting meetings for coffee or lunch & for Tricia to call him back. Tricia did not respond to any of these messages. Also, Mr. Amer faxed an invitation to our clinic inviting Tricia & Miranda to a dinner at a restaurant on Aug 12th. We also believe several of the Lombardi Cancer Center physicians were also invited to the same dinner. Our administrative officer contacted Mr. Amer & told him that Tricia & Miranda would not come to dinner. Mr. Amer ~~wanted to speak to talk to Tricia's boss. He refused.~~ August 14th Mr. Amer came to the clinic to see Tricia & requested to wait in the waiting room to see her. I spoke to Mr. Amer & asked if his visit was about his son's testing & he said not that he was hoping to see Tricia. I asked him to leave the clinic & he did. Aug 16 Mr. Amer invited the entire staff to a lunch →

Signature: _(signed)_  _(signed)_
Date:  9/29/06   9-29-06

he was paying in Lombardi pediatric hematology-oncology clinic. On Aug 25th Mr. Amer dropped off at our clinic, a cake & chocolate candy. The following week he dropped off chips & salsa & waited for 1hr. in the waiting room to see Tricia. It was the end of the day & the clinic was closing so he left. On Sept 5th Mr. Amer dropped off breakfast for the audiology staff. I contacted Greg Coronado on Sept 6th & discussed the events & Mr. Amer's behavior. Greg & I called Mr. Amer on Sept 6th & told him to stop contacting Tricia & to only contact the audiology clinic for professional matters & that we would not accept any more food from him. We also told him that if his son needed further audiology services then he would see a different audiologist other than Tricia. On Sept 26th Janice Oppenheim contacted Tricia to inform her that Mr. Amer had placed numerous requests to Janice's staff to "put in a good word for him" with Tricia. He also sent Dr. Shad a letter requesting that she contact Tricia about dating Mr. Amer & he sent diamond earrings to Dr. Shad to give to Tricia. About 4:30pm Sept. 26th John Berletti, Janice Oppenheim, Greg Coronado & I called Mr. Amer & John told him that he was not to directly or indirectly try to contact Tricia. He was also told that if he did not comply, we would contact the DC metro police. Mr. Amer stated that he understood, & that we would not hear from him again. On Sept 29th, Mr. Amer left a message on my voicemail requesting that I meet with him or allow him to explain because he thought I was given mis-information. I contacted Greg Coronado & protective services was called by someone in Lombardi because Mr. Amer was in the Lombardi clinic for an appointment with Hassan asking for help in contacting Tricia.

# EXHIBIT 3

Happy New Year to you!

My deer, the moment I first saw you
though I stayed silent
and when I saw your heart, and you knew
You took mine away
Since that day onwards
It only beats with your name

And the day you came, put your pad down
and nod . . .
I only see you wherever I look
Staying away from you, hurts a lot
and I only Wish you and me together
and for forever
Come soon if you can, or wait and I will

A happy heart,
a sunny smile,
Joys to make
each day worthwhile,
All that you'd like most,
and more ~
That's what this
New Year wish is for!

# EXHIBIT 4

**From:** amer iqbal
**To:** rileytricia@yahoo.com
**Date:** Saturday, January 13, 2007 4:52:27 AM
**Subject:** amer trying to contact you

Tricia,

Hope you are doing good. I happened to find your email
address and thought to write you directly. Whatever
happened at the hospital was totally a
misunderstanding and I like to clear it up with you. I
believe I have met with your sis Kim and other
relative, and you know it too. I was waiting for you
to return my call but you didnt? if there is a reason
then you should let me know.
I want to tell you that I like you vmuch and I believe
its the same on ur side and we should talk to
eachother.
I am taking my son to NC for his transplant, but will
be in the area. email is good to start communicating
with eachother, so please write me back.
takecare
Amer

---

Do You Yahoo!?
Tired of spam?  Yahoo! Mail has the best spam protection around
http://mail.yahoo.com

# EXHIBIT 5

APPEAL_____    DATE: 1/19/07    CLERK: NG    NON-APPEAL_____

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
COURT REPORTING & RECORDING DIVISION
500 INDIANA AVENUE, N.W., ROOM 5500,
WASHINGTON, D.C. 20001
PHONE NUMBER (202) 879-1009

Courtview
202 879 1090

4201

# REQUEST FOR TRANSCRIPT

NAME OF CASE: TRICIA ANNE RILEY Vs AMER IQBAL    CASE NUMBER: OCCCH3-07    CA

PRESIDING JUDGE:_____    REPORTER (TAPE) ✓    COURTROOM: JTC

PROCEEDING DATE(S):____1/18/07    TIME OF PROCEEDINGS: 2-3CPA

REQUESTED PORTION BLOCK:_____    INEATE All

NAME AND ADDRESS OF ORDERING PARTY:

First Name ___AMER___    Last Name ___IQBAL___
E-mail address: __iqbalamer@hotmail.com__
Company_____    Telephone Number __571-277-6246__
Street Address __17652 TEDLER CIR__
City __ROUND HILL__    State __VA__    ZIP __20141__

*****************************************************************

## TO BE COMPLETED BY COURT REPORTING & RECORDING DIVISION STAFF
APPROXIMATE LENGTH OF PROCEEDINGS: _____ x 40pph = Estimate of Pages _____
### COSTS ARE ESTIMATED

| TYPES OF ORDER | | | PAGES | COST | DEPOSIT |
|---|---|---|---|---|---|
| REGULAR | 30 (appeal 60) calendar days | $3.30 per page x | | $____ | $____ |
| INTER | 15 calendar days | $3.55 per page x | 20 = | $ 71 | $ 35.50 |
| EXPEDITE | 7 calendar days | $4.40 per page x | | $____ | $____ |
| EXPRESS | 3 calendar days | $4.65 per page x | = | $____ | $____ |
| DAILY | 9:00 am following business day | $5.50 per page x | = | $____ | $____ |
| COPY* | Regular or Expedite Delivery | $ .83 per page x | = | $____ | $____ |
| 2nd COPY* | Regular or Expedite Delivery | $ .55 per page x | = | $____ | $____ |
| COPY* | Daily Delivery | $1.10 per page x | = | $____ | $____ |
| 2nd COPY* | Daily Delivery | $ .83 per page x | = | $____ | $____ |
| *Paper____ ASCII____ CONDENSE PAGE____ | | | | $____ | $ 35.50 |

NOTES:
1.  You must pay for any portion of a transcript that was completed prior to your written notice of cancellation.
2.  Appeal transcripts will not be filed with the Court of Appeals until payment is made in full.
3.  You will be asked for a deposit of one half the estimated cost, based upon the time length of proceedings.
4.  Failure to order a transcript in a timely fashion may result in the transcript not being available for your hearing date.
5.  Payments to Court Reporters may be in the form of cash, money order, or check (made payable directly to the Court Reporter) transcripts produced by Court Reporters. Payments for transcripts produced by the Transcription Branch can be made in Room and are to be made payable to the Clerk of the Court. Payment can be made by check (attorneys only; include bar number on che money order, or cash. Balances must be paid before picking up transcripts.
6.  Transcript requests received after 4:00 p.m. are considered a transaction of the next business day.

# EXHIBIT 6

# Superior Court of the District of Columbia
## CIVIL DIVISION

TRICIA ANNIE RILEY

vs.

AMER IQBAL

RECEIVED
Civil Clerk' Office
JAN 31 2007
Superior Court of the
District of Columbia
Washington, D.C.

Plaintiff

Defendant

No. 2007 CA 00013B

AMER IQBAL

## MOTION - (Pro-Se)

MOTION OF:  DISMISSAL APPEAL    for  TEMPORARY RESTRAINING ORDER

(State briefly what you want the Court to do)

DISMISS THE TEMPORARY RESTRAINING
ORDER DATED 1/18/07

| | |
|---|---|
| Printed name: AMER IQBAL | Signature: |
| Address: 17618 TEDLER CIR, ROUNDHILL VA 2014 | Home phone no. |
| | Business phone no.  571-271-6276 |

## CERTIFICATE OF SERVICE

On  21ST OF JANUARY  , 20 08 , I mailed this motion to all the lawyers in the case,
the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

| | |
|---|---|
| Name: AMER IQBAL | Name: |
| Address: 17648 TEDLER CIR | Address: |
| ROUNDHILL VA 2014 | |
| | Signature |

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

PLEASE SEE ATTACHED MOTION OF APPEAL

Signature

Form CV-??/Dec 40

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

### MOTION OF APPEAL FOR THE DISMISSAL OF THE TEMPORARY RESTRAINING ORDER

Case No: CA 0000113-07

Petitioner:

Tricia Anne Riley

Defendant:

Amer Iqbal

This Motion of Appeal/Rehearing is brought to your Court for the appeal from the decision of the Court entry of the Temporary Restraining Order dated January 18, 2007. This Motion is made for the following reasons:

1.  The Defendant was served with the papers just few hours before this hearing; that he only had time to drive in to the courthouse; that he did not have time to seek the advise of legal counsel or prepare for his defense; and he was not ready to address the complaints by the petitioner.

2.  Despite the fact that the defendant agreed to the order requested by the Petitioner, the Defendant was initially concerned that the Petitioner was either in trouble by her family or by the security and the Defendant thought that agreeing to the consent order would assist the Petitioner; the Defendant failed to have proper legal advise as to the impact of the Order on him.

3.  We both showed interest in each other the day we met. Her response was "I don't know" in the beginning but in the very few phone calls we had, I told her that I was looking for a life long relationship and her answer was Yes. Then there was continuous encouragement from her administrators for the food and the phone calls.

4.  After couple of weeks, I received a call from the security. The next day on my son's appointment, I left a message to the director of her department to clear this misunderstanding. But she didn't come or return my call. When the security arrived, I asked them for the same but they didn't cooperate in this matter. After explaining some of the situation they showed some cooperation.

5.  Few days prior to 1/5/07, I was tipped by one of the known friend about where she lives and was told that she was interested in meeting with me. I was a bit concerned but then considered it an opportunity to clear the past misunderstanding before going to North Carolina. I was cordial with the person who opened the door for me and overall he was also understanding.

6.  The Defendant was lip tight from the beginning in order to mitigate the situation in a nicely manner. I am conservative, professional and an educated person, who understands the work ethics. The reason why I have to come back was that after putting some thought I came to the conclusion that my silence was causing more harms than benefiting anyone.

7. The Defendant was also under duress about this whole situation since he was contacted by the security of the hospital. The Defendant's 2-1/2 year son goes to the same hospital for treatment and the Defendant was concerned for the welfare of his son. The Defendant did not consider the legal impact the Order may have on his attendance and to the medical needs of his son. The crew of the hospital including all doctors and nurses has been very professional and caring to his son. The Defendant does not want to have anything effect his ability to continue the hospital care of his son, in future.

Due to the Defendant being unable to timely seek legal advise or to understand the significance of the Temporary Restraining Order and its restrictive requirements; the Defendant respectfully requests an appeal/rehearing of the issuance of the Order.

Respectfully,

1|25|07

Amer Iqbal

17648

~~17652~~ Tedler Cir
Roundhill, Virginia 20141

## SERVICE OF APPEARANCE

In the Open Court of Hon'ary Chief Judge Rufus G. King III

Superior Court of District of Columbia
500 Indiana Ave, N.W, Room 3500
Washington D.C. 20001

Time of Appearance: February 19, 2007 @ 8:00 A.M., Room 3500

Case No: 2007 CA 0000113

Tricia Anne Riley vs Amer Iqbal

I will be appearing infront of the Hon'ary Chief Judge to discuss this matter. You are also welcome to appear, if you like to participate in the discussion.

# EXHIBIT 7

☒003

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

**WASHINGTON, D.C. 20001-2131**

Civil Actions Branch
Clerk's Office JM-170
(202) 879-1133    (1134)

1400

# NOTICE OF MOTION REJECTION

Date:

To: *Amer Iqbal*

Civil Actions Number: *07ca113*

Calendar No./ Judge: Calendar No. *Cal #11 / J. Leibovitz*

THE ATTACHED MOTION IS HEREWITH REJECTED FOR THE FOLLOWING
REASON(S):

☐ $20.00 filing fee was not included with your motion.

☐ Non-compliance with Rule 5(e).

☒ Other: *Party failed to include a certificate of service and proposed order for the judge's signature.*

A copy of this *NOTICE* was sent to the Judge to whom the case is assigned, and
to all of the parties listed in your certificate of service.

**A new certificate of service and a courtesy copy for the Judge (including
mailing labels/envelopes) are *REQUIRED* upon re-submission of a rejected motion
for filing with the clerk.**

Duane B. Delaney
Clerk of the Court

By:    Jamila Colaire
Deputy Clerk

# EXHIBIT 8

February 6, 2007


Hon'ary Judge Robert S. Tignor
Superior Court of District of Columbia
500 Indiana Ave, N.W.
Washington D.C. 20001


Dear Sir,


I like to bring your attention to a very sensitive and important matter of "Tempering with the Court Transcripts". I believe you can understand that someone has to be very careful and sure before making this statement. I would not had sent you this letter if I was not sure more than anything about this proceeding or what I am going to state in this letter especially since its only 2 weeks old. I am sending this letter with my trust in you that you will personally look into this matter.

There are sentences, which are changed in the transcript, and an important portion of the proceeding is deleted. I was told by the court reporting desk clerk room 5500 that "she has two versions of the transcripts and she is been paid for it". I considered it as a joke but now after going through the whole transcript I am really concerned about what she said. I called her earlier to check the status on it and she told me that "she is doing it herself and slowly".

When I applied for the transcript, I asked the reporting front desk clerk, if I could get a "Tape" as I had circled the tape, but she told me, I can not. When I called her today to see if the transcripts were ready, the administrator told me to call the transcript office and gave me the contact number for Lori 202-879-1090, who didn't give me any set date or time of pickup. So I came to Courtroom by myself to check today afternoon. After couple of attempts, the court reporting desk clerk gave me the transcript. After reviewing, I went back to the 5500 Room and she was not on the front desk. Another woman came and I asked her for their Supervisor and she told me that it was "Lori Edley". She dialed the number and I mentioned her that a portion of the proceeding is not in the transcript. I also asked her that I wanted to see her but she didn't want to meet me, even when I told her that's its really important. Then she told me " to highlight the portions of the incorrect transcripts and write what was missing and she will add it". I said "You have the tape and you should know it rather than myself telling you what is incorrect or missing" and then she said she will look into this and will call me tomorrow. I don't think its appropriate for the Transcript Supervisor "Lori"?, who sounded like front desk clerk to me, to ask anyone to add /or tell her what's missing in the transcripts, because I believe it's a legal document and tempering with it is a crime. Then a male showed up for few minutes and he was also not so cooperative. This tells me that something is seriously wrong here.

In this court proceeding, besides the temporary restraining order, I was married with this woman "Tricia Anne Riley" by Your Honor. I still remember yours and mine words during the proceedings, when I first said " I want her well being and goodness" and your Honor continued with "in happiness, sickness and health, and till death to not apart" and I said I do your Honor! And then Your Honor looked at her and asked her, and then her attorney as a witness and then

looked at me and said "by District of Columbia Law you both are husband and wife, and you may kiss or hug your bride".

This above portion of the hearing is totally eliminated from the transcript. Also there are other sentences which are changed or omitted. You can imagine that this is a really serious matter for anyone, and so is for me. But seeing this so important portion eliminated and non-cooperation by the court reporter clerks worries me. I think I am in serious trouble if this issue is not addressed promptly. But I also have my full faith in Your Honor and the Judges of this country and that's why I am writing this letter to inform you of this situation. I also like your Honor to look at her attorney's name in the transcript; as for as I remember it was Brad Upshaw or Brad Upshur?

I was told by the Judge that I have 14 days to file an appeal/motion on this case. I have filed a motion for dismissal. When I called to check if there was any hearing date assigned, I was told that "The Judge is sitting on it". I was surprised to hear the words of the phone attendant. I don't mean to complain on everything but there are certain things that don't make sense to any civilized person.

I have worked in the E. Barrett Prettyman Courthouse and have assisted in building the new Annex building. The Judges in this building and also other workers know my work and me very well. You can also contact JD Court Alexandria Virginia Judges, Hon'ary Judge Nolan Dawkins and Hon'ary Judge Constance Frogale and they will also tell you about my character.

I am a very responsible person who understands the legal system, especially after working in the Courthouse for sometime. Same time, I am an ordinary citizen who likes to have his normal life and exercise his rights. I am very well aware of the implications of this letter and its consequences. But I also can not ignore what I have experienced in the past few days and especially today, which I have never experienced before. I have my faith and trust in the legal system. Especially, I am trusting Your Honor and the Clerk who were present in this proceeding. I would have never written this letter to you, if I was not sure by my heart and soul about my marriage. I believe your Honor has the authority to exercise both matters at the same time, which did happen in this proceeding.

I humbly request your Honor to immediately look into this matter and help me getting the correct transcripts. Also, I request a meeting with yourself or Hon'ary Judge Rufus G. King III to discuss this matter in person on your earliest convenience. I am hoping to hear from you soon and also hoping that this matter will be resolved soon and in an amicable manner.

Best Regards,

Amer Iqbal

17648 Tedler Cir
Roundhill, Virginia 20141
Phone 571-277-6216

# EXHIBIT 9

February 08, 2007


Hon'ary Sr. Judge Robert S. Tignor
Superior Court of District of Columbia
500 Indiana Ave, N.W.
Washington D.C. 20001


Re: Revised Incorrect Transcript


Dear Sir,


I hope you have received my previous letter dated 02-06-2007, regarding the incorrect transcript. I was called today at 10:53 AM by an unknown number, which went to the voice mail. When I checked the message it was by Lori Edley, the court reporting administrator. She said that I can pick up the revised transcript from Room 5500 and that she was sorry for the inconvenience. Also she mentioned that the error was due to my "heavy accent".

When I went to the Room 5500, the same male showed up which I have mentioned in the previous letter. I asked him that I am here to pick up the transcript. He went back and brought the transcript with a yellow tab on the front page, signed dated by Lori. He told me that his name was "Brian" and then he laughed at me. He also said, "we are still doing you". I kept quiet and took the transcript and left.

When I reached home and reviewed it, I noted many changes "especially in the format", which doesn't make sense to me. I have attached a copy of the transcript for your review and you can compare it with the previous copy attached with my 02-06-2007 letter. Still, this is not the complete transcript and has omitted with an important portion of the proceeding, which I have mentioned in my previous letter. The expression (Indiscernible) is deleted from new transcript. New words and a big portion is added, which per Lori's message was not clear due to my heavy accent are both by myself and the Hon'orable Sr. Judge, and the plaintiff. I don't see a reason why it was not clear to her in her first attempt.

Your Ho'nor, this matter is getting really serious. Your court reporting department doesn't seem serious and are tempering with the court records. This new version clearly confirms my earlier complain.

This matter seriously worries me now, and that's the reason why I called your office today and requested your presence in the court of Hon'ary Chief Judge Rufus G. King III on Monday morning at 8:00 AM. I will appreciate if you can come and assist me in my following requests:

- I request your Hon'or to have an Emergency Hearing on tempering of transcript where I can identify the court reporting personal who have made these statements. I have checked the court reporting name's listing on court's web site with no name as Brian. The male who came both times appears to be of Korean Ethnicity. Some how I have a feeling that he is "James

Holland", and I can easily identify him. And I am sure now that this person is behind all the problems.

- Also, I request you to provide me with a copy of <u>"Tape Recording"</u>. If there is a <u>"Video Recording"</u> of this proceeding, I will appreciate if you will allow me to have that too. I can also provide my own transcriber to review/ confirm the recordings, if Your Honor wishes me to do that.

- I will also appreciate if you can please setup an <u>Emergency Hearing date on my Motion</u> as soon as possible, with all the previous attendants, so we can resolve this matter amicably. I have my full faith in your Honor and hoping that you will assist me with fairness in this matter.

Your Honor, my son is seriously sick and is going for a bone marrow transplant soon. I don't like to send these letters but can not ignore the errors in the court records. This whole matter is hurting my work and I have to drive for 3 hours every time I come to the court. I hope Your Honor will understand the situation and will help me in resolving it in a nice manner.

Regards,

Amer Iqbal

17648 Tedler Cir
Roundhill, Virginia 20141
Phone 571-277-6216

CC: Hon'ary Chief Judge Rufus G. King III

# EXHIBIT 10

# Superior Court of the District of Columbia
## Washington, D.C. 20001

*Chambers of*
*Robert S. Tignor*
*Senior Judge*

February 16, 2007

Mr. Amer Iqbal
17648 Tedler Cir.
Roundhill VA 20141

Re: Riley v. Iqbal, 2007 CA 113

Dear Mr. Iqbal,

This is written in response to your letters of February 6, 2007 and February 8, 2007.

In your letter of February 6, 2007, you state, with reference to the hearing of January 18, 2007,

"In this court proceeding, besides the temporary restraining order, I was married with this woman 'Tricia Anne Riley' by Your Honor. I still remember yours and mine words during the proceedings, when I first said 'I want her well being and goodness' and your Honor continued with 'in happiness, sickness and health, and till death to not apart' and I said I do your Honor! And then Your Honor looked at her and asked her, and then her attorney as a witness and then looked at me and said "by District of Columbia Law you both are husband and wife, and you may kiss or hug your bride'."

Mr. Iqbal, no such words were spoken. The transcript appended to your letters accurately reflects what was said during the hearing, hence your request for an "emergency hearing on tampering of transcript" is denied.

I take this opportunity to remind you that if you violate the directives of the court's order of January 18, 2007, you would therefore be subject to imprisonment for contempt of court.

Sincerely,

Robert S. Tignor, Senior Judge

Copy:

Bradford J. Roegge, Esquire

# EXHIBIT 11

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

```
- - - - - - - - - - - - - - x
                           :
RILEY,                     : Docket Number: 2007 CA 113
        Plaintiff.         :
                           :
        vs.                :
                           :
IQBAL,                     :
                           :
        Defendant.         :
                           : Thursday, January 18, 2007
- - - - - - - - - - - - - - x Washington, D.C.
```

The above-entitled action came on for a hearing
before the Honorable ROBERT S. TIGNOR, Senior Judge, in
Courtroom Number JIC, commencing at 2:57 p.m.

*Hold for.*

*MR. IQBAL*

*5-11-277-6216*

*✓/1018*

*his° 2/8/07*

APPEARANCES:

On Behalf of the Plaintiff:

BRADFORD J. ROEGGE, Esquire
Washington, D.C.

On Behalf of the Defendant:

PRO SE

07-00177

**Deposition Services, Inc.**
6245 Executive Boulevard
Rockville, MD 20852
Tel: (301) 881-3344 Fax: (301) 881-3338
info@DepositionServices.com www.DepositionServices.com

1e

```
 1                    P R O C E E D I N G S

 2          DEPUTY CLERK:  Your Honor, recalling Civil

 3  Action 113-07 in the matter of Riley versus Iqbal.  Please

 4  state your names for the record.  Spell your first and

 5  last name.

 6          THE COURT:  All right.  Ms. Riley, beginning

 7  with you, ma'am, state your full name.

 8          MS. RILEY:  Tricia Anne Riley.  Last name R-I-L-

 9  E-Y.

10          THE COURT:  Thank you.  Yes.

11          MR. ROEGGE:  Brad Roegge, Your Honor.  I

12  represent Ms. Riley.

13          THE COURT:  And spell your last name.

14          MR. ROEGGE:  R-O-E-G-G-E.

15          THE COURT:  Thank you.  Sir, state your name

16  please.

17          MR. IQBAL:  Amer Iqbal.

18          THE COURT:  Thank you.

19          MR. IQBAL:  A-M-E-R and last name is I-Q-B-A-L.

20          THE COURT:  All right.

21          DEPUTY CLERK:  Please raise your right hand.

22          Thereupon,

23                      TRICIA ANNE RILEY

24  having been called as a witness for and on behalf of the

25  plaintiff, and having been first duly sworn by the Deputy
```

lt

1    Clerk, was examined and testified as follows:

2         Thereupon,

3                   **AMER IQBAL**

4    having been called as a witness for and on behalf of the

5    defendant, and having been first duly sworn by the Deputy

6    Clerk, was examined and testified as follows:

7         DEPUTY CLERK:  Thank you.

8         THE COURT:  Now, Mr. Iqbal, as I understand this

9    matter, Ms. Riley is asking for a Court Order, which I

10   suppose would direct that you keep your distance from Ms.

11   Riley, that you not communicate with her in any way either

12   directly or indirectly, and that you essentially have no

13   contact or communication with her, and that you not be in

14   her presence at any time.  Is that what your client is

15   asking?

16        MR. ROEGGE:  Yes, Your Honor, as well as

17   contacting family members or anyone that Ms. Riley knows.

18        THE COURT:  I see.  Now --

19        MR. IQBAL:  May I, may I say something, sir?

20        THE COURT:  Well, let me, let me finish

21   explaining to you how this type of hearing proceeds.

22        MR. IQBAL:  Okay.

23        THE COURT:  She's asking for what's called a

24   Temporary Restraining Order.  Typically, these hearings

25   are resolved in one of two ways.  We can have a hearing at

lt

1    which both parties testify.  Ms. Riley would testify and

2    you would have an opportunity to testify under oath if you

3    so desire.  At the end of the hearing, I would determine

4    whether the prerequisites for a Temporary Restraining

5    Order have been established.  And, essentially, what I

6    would have to determine is this:  Is there a reason to

7    believe, am I satisfied that, without a Temporary

8    Restraining Order, some type of irreparable harm would

9    occur?  And other considerations would be whether I

10   thought it was likely Ms. Riley would prevail ultimately

11   in her request for preliminary injunction whether the

12   public interest was affected or not.  But generally, I'd

13   have to determine, the most important thing would be

14   whether I thought that some type of irreparable harm might

15   occur without an order.  If I believe that that was the

16   case, then I'd issue a Temporary Restraining Order.  That

17   order would restrain you from doing certain things from

18   the things I mentioned before and it would be in effect

19   for 14 days or until the next court hearing in this case,

20   until you'd come back to court.

21        Now, typically, you'd then come back to court in

22   about two weeks for a further hearing on the issue of a

23   preliminary injunction.  So that's one way in which we

24   could proceed -- have a hearing, Ms. Riley would testify,

25   you would testify, I would at the end either find that

4

lt

1    there was reason to believe that some harm might occur and

2    grant the request for an order or if I was not satisfied,

3    if I didn't think there was any basis for an order, I'd

4    simply say request for a Temporary Restraining Order is

5    denied and then it would be continued for further hearing

6    on the request for preliminary injunction.  That's one way

7    of proceeding.

8         On the other hand, often when someone is simply

9    asking for an order saying that the other person not

10   communicate with them, don't come near them, the other

11   person says, well, if that's the way you feel, that's fine

12   with me.  I don't have any desire or intention to force my

13   presence upon you.  And so in those instances, the parties

14   often agree to the entry of an order and it would be a

15   consent order. The order would say that this doesn't

16   include any findings one way or the other as to the

17   allegations, but it would direct that the defendant is not

18   to communicate with or go near the plaintiff or her family

19   or communicate with her family.

20        Do you understand what I've said thus far, sir?

21        MR. IQBAL:  Yes.  As far as the consent, Your

22   Honor, do the parties have to come to an agreement?  They

23   can talk to each other and come to an agreement or will it

24   be by you, sir?

25        THE COURT:  Well, the agreement would be reached

1t

1   right here, now.  Today.

2           MR. IQBAL:  Right.

3           THE COURT:  And, and what I would do is simply

4   grant a proposed order --

5           MR. IQBAL:  Mm-hmm.

6           THE COURT:  -- review it with both of you and

7   see if you both agree to it.  If you agree to it, you

8   would sign it and then I would sign it, you'd each get a

9   copy of it, and then you'd be bound by it.

10          Now any order that's issued, whether it's by

11  consent or whether it's after a hearing, if I issue an

12  order, the parties are bound by it. So if the order

13  directed that you stay away from the plaintiff or that you

14  not communicate with her, if you violated that order, that

15  would be cause to have you imprisoned for up to 180 days

16  for contempt of court for violating the order.

17          Does that answer your question?  Do you have any

18  more questions about it?

19          MR. IQBAL:  Yes.  I have a couple of questions

20  to ask and then I think, you know, there's a couple of

21  things.  You know, first of all, that I think everybody's

22  listening.  So I don't intend you any harm or any, any

23  problems, you know, to her or her family in any case or

24  form.  As far as the, I, I, that's my belief, you know?  I

25  don't know how she --

1t

1       THE COURT: Well, let me ask you this.

2       MR. IQBAL: -- will proceed. You know, right.

3       THE COURT: Obviously, at this point, it's clear

4    that regardless of how innocent your intentions have been

5    and are now, at this point, I think it's clear that she

6    just doesn't want you to communicate with her or her

7    family and, and she just doesn't want to have any contact

8    with you whatsoever. Now are you agreeable to consenting

9    to that or do you --

10      MR. IQBAL: If that's what she wants, I think,

11   you know, that my word is good enough. I won't contact

12   her.

13      THE COURT: Well, is that what your client

14   wants? No contact?

15      MR. ROEGGE: Well, no contact, but, obviously,

16   we'd want that in the terms of a consent form, yes.

17      THE COURT: I understand she wants an order.

18      MR. ROEGGE: Yes.

19      THE COURT: That's why we're here.

20      MR. ROEGGE: No, no contact with her, no contact

21   with her family, no calls to her work, her co-workers,

22   continued attempts to try to communicate with her.

23      THE COURT: That's what you want, ma'am?

24      MS. RILEY: Yes.

25      THE COURT: All right. There's no doubt in your

7

1t

```
 1    mind that that, that is what you want?
 2              MS. RILEY:  That's correct.
 3              THE COURT:  All right.  So that is what Ms.
 4    Riley wants.  Do you have any objection to that?
 5              MR. IQBAL:  Can you please explain to me the --
 6    on the consent order, how it will be shaped or implicated
 7    and the timeframe?  One more thing which I'd like to ask,
 8    actually.
 9              THE COURT:  The timeframe is if you, in a
10    consent order would be in effect for one year.
11              MR. IQBAL:  Or upon whenever she wants to remove
12    it.
13              THE COURT:  No, once it's an order --
14              MR. IQBAL:  I believe --
15              THE COURT:  -- once it's signed by the court,
16    the only way you can remove it is to have Ms. Riley come
17    back to court and have the order rescinded.  In other
18    words, if a consent order is entered between the parties
19    --
20              MR. IQBAL:  Right.
21              THE COURT:  -- and then a week from now the
22    parties decide they want to be friends or they want to
23    have contact, they can't do that unless and until they
24    come back to the court --
25              MR. IQBAL:  Mm-hmm.
```

8

1t

```
 1          THE COURT:  -- to get the order terminated or

 2   vacated or rescinded.

 3          MR. IQBAL:  Well --

 4          THE COURT:  But once it's signed by a judge --

 5          MR. IQBAL:  Mm-hmm.

 6          THE COURT:  -- it's, it's the Court's order and

 7   the Court would be inclined to imprison anyone that

 8   violates the order.

 9          MR. IQBAL:  I understand, Your Honor.

10          THE COURT:  So you should expect that if you

11   enter a consent order, it will remain in effect for a year

12   and you'll be bound by it.

13          MR. IQBAL:  I have a question and, for Ms. Riley

14   and that's --

15          THE COURT:  Well, you present the question to me

16   and if I think it's appropriate, I'll present it to Ms.

17   Riley.

18          MR. IQBAL:  Sure.

19          THE COURT:  What is your question?

20          MR. IQBAL:  My son is, goes into the same

21   hospital she works in and --

22          THE COURT:  How old is your son?

23          MR. IQBAL:  He's about two and a half years old.

24          THE COURT:  I see.  And so your question is?

25          MR. IQBAL:  Right now, he's going to the Duke
```

1t

```
 1   Hospital in North Carolina for treatment. If he, after six
 2   months, most likely he will come back.  He's going for a
 3   bone marrow transplant.
 4              THE COURT:  I see.
 5              MR. IQBAL:  If he comes back and he needs
 6   treatment in the Georgetown Hospital for the hematology
 7   oncology, I hope that it's no restraint on his visitation.
 8    I believe that it's no restraint on his visitation or my
 9   taking him to the hospital.
10              THE COURT:  Well, well, the order could provide
11   that you could attend and be at the hospital, but only as
12   is necessary to tend to your son.  So, of course, if you
13   need to take your son to the hospital or pick him up or to
14   visit him at the hospital, then that would be permitted,
15   but during such visits, you would still be required to
16   stay away from Ms. Riley.  So that if you happened to see
17   her in the hallway, you'd have to go the other direction.
18              MR. IQBAL:  That's fine.
19              THE COURT:  You could say nothing to her, you
20   could have no communication with her, because I take it,
21   it's not necessary that Ms. Riley treat your son, is it?
22   Is that, are you anticipating that?
23              MR. IQBAL:  She's in a different department.
24              THE COURT:  I see.  So that's not an issue.
25   You're just concerned that, well, maybe I'll be taking my
```

1t

1   son to the hospital or bringing him back --

2            MR. IQBAL:  That's correct.

3            THE COURT:  -- and if I see Ms. Riley, if --

4            MR. IQBAL:  Yes.

5            THE COURT:  -- that happens, you simply have to,

6   to walk in the other direction and avoid her and say

7   nothing to her.  As soon as you see her, you make a turn

8   and go in the other direction.

9            MR. IQBAL:  That's fine.

10            THE COURT:  All right.  Well, what I will do is

11   draft a proposed order.  I'll review it with both of you

12   and --

13            MR. IQBAL:  I'd still like to enter it, you

14   know, to Your Honor that even during the time, the

15   (indiscernible) of this, I got a chance to read the points

16   in this, I rather not going to in to it, I don't think it

17   would be appropriate to go into a lot more detail.  A lot

18   of it is true.

19            THE COURT:  Yes, sir.  Well, certainly if we

20   resolve this by way of consent or I'll say on the consent

21   order that the Court makes no findings whatsoever as to

22   whether or not any inappropriate conduct has occurred.  In

23   other words, I'll make it clear that the order is entered

24   solely because the parties are in agreement with the

25   consent to it.

1t

```
 1              MR. IQBAL: Right, and that's basically my
 2    intent too that to convey the message that I, I only want
 3    her well-being or, you know, the goodness, but if there's
 4    a problem because of me --
 5              THE COURT: All right. Now this is what the
 6    order would say. It would say upon consideration of the
 7    plaintiff's application for Temporary Restraining Order
 8    and the record herein and the consent of the parties, it
 9    is ordered as follows: First, that the defendant, you,
10    Mr. Iqbal, shall stay, and typically these orders say at
11    least 100 feet away from the plaintiff's person, that
12    means wherever she is, and from her home and from her
13    workplace. That's at Georgetown Hospital. And I would
14    add language that says except that defendant may be
15    present at Georgetown University Hospital when necessary
16    to assist his two-year-old son or his son, his minor son
17    in connection with treatment at the hospital. I would say
18    at such times though, defendant is to stay at least or as
19    far away from the plaintiff as is practically possible.
20    So that would mean that, as I said before, if you see her
21    in the hallway, you have to go in a different direction.
22    Stay as far away from her as practically possible.
23              MR. IQBAL: Can I ask a question through you to
24    Ms. Riley that I will, I will do it anyway. I don't
25    think, you know, we will need a Court Order for that.
```

1t

```
 1          THE COURT:  All right.  Yes, sir.  Well, I, you

 2   know, I, I have no reason to doubt that, but I think at

 3   this point, Ms. Riley's position is that -- while it may

 4   very well be that your word is sufficient in this regard,

 5   for her peace of mind, she wants a Court Order.  So

 6   that's, that's her position.

 7          MR. IQBAL:  Well, I still believe that there's

 8   no need as far as, you know, we are here and --

 9          THE COURT:  All right.

10           MR. IQBAL:  -- I believe, you know, we are on

11   the same page.  So --

12          THE COURT:  All right.

13           MR. IQBAL:  -- if she can agree to it.

14          THE COURT:  All right, fine.  Well, let me, let

15   me finish describing to you what the order would say.  You

16   have to stay at least 100 feet away from plaintiff's

17   person, home, and workplace.  And as I said, I'll add this

18   language.

19          (Pause.)

20          THE COURT:  All right.  Ms. Riley, Mr. Iqbal,

21   this is what the order would say if you are both in

22   agreement with it.  Upon consideration of the plaintiff's

23   application for a Temporary Restraining Order and the

24   record herein and the consent of the parties, it is by the

25   Court, this 18th$^{h}$ day of January, ordered:  One,
```

13

1t

1  defendant, Mr. Iqbal, shall stay at least 100 feet away

2  from the plaintiff's, that is Ms. Riley's, person, home,

3  and workplace, except that the defendant may be present at

4  Georgetown University  Hospital whenever necessary to

5  assist with the treatment of his minor child.  At such

6  times, the defendant, Mr. Iqbal, will stay as far away

7  from the plaintiff as is practically possible.

8          Two, defendant shall not contact -- and then I

9  put in parenthesis, that means communicate with the

10  plaintiff in any manner including, but not limited to, by

11  telephone or in writing or in any other manner either

12  directly or indirectly through a third party.  And in that

13  connection, I put parenthetically, defendant is not to

14  communicate with or go within 100 feet of any relative or

15  known friend or associate of the plaintiff's. So that

16  means you can't communicate with her directly or

17  indirectly, and indirectly would mean through third

18  parties, including Ms. Riley's relatives or friends or

19  associates.

20          MR. IQBAL:  Can I ask a question, Your Honor?

21          THE COURT:  Yes.

22          MR. IQBAL:  Well, I believe, you know, there's

23  some -- I understand, you know, the language on the court

24  order and --

25          THE COURT:  Well, let me, let me finish, finish

14

ıt

1  reading and then, just jot, make a mental note of whatever

2  question you had and then I'll answer all the questions

3  you have.

4        MR. IQBAL:  Sure.

5        THE COURT:  All right.  Third, it says the Court

6  makes no findings whatsoever as to whether any

7  inappropriate conduct has occurred.  Fourth, this order

8  shall remain in effect until January 17th, 2008.  That's a

9  year from now.  All right.

10        So, I'm sorry, what was your question?

11        MR. IQBAL:  I just had a question that I believe

12  we have common, because my son is sick, so I communicate

13  with the doctors.

14        THE COURT:  Mm-hmm.

15        MR. IQBAL:  I believe, you know, I will -- I

16  understand the care and not have, you know, discussion

17  about her or because, but in any case, I believe that the

18  regular talking, if there is any friends or something,

19  it's not considered, you know, prohibited.

20        THE COURT:  Well, as long as you don't mention

21  Ms. Riley's name or refer to her, I mean, she is, is there

22  any reason to think that Ms. Riley will in the future be

23  involved with the treatment of your son?  Because you can

24  --

25        MR. IQBAL:  I will -- considering the nature,

15

.1t

1   you know, and the situation right now, I will still care

2   if my son will go to Georgetown and he has to go to her

3   department, then I will try to make some other

4   arrangements that --

5           THE COURT:  If you can, but I mean this is in no

6   way intended to interfere with your care and assistance to

7   your son.  So as long as you keep whatever you say or do

8   focused on what is necessary to help your son, then this

9   order has nothing to do with that.

10          MR. IQBAL:  That's fine.

11          THE COURT:  All right.  So it says no

12  communication directly or indirectly through third,

13  through a third party and then in parenthesis I put,

14  defendant shall stay away from and not communicate with

15  plaintiff's friends and relatives.

16          Yes, sir?

17          MR. IQBAL:  Relatives is -- friends mean, you

18  know, that like, I mean, common doctors or they can also

19  come into the same area.

20          THE COURT:  Well, yes, but you can communicate

21  --

22          MR. IQBAL:  I mean I don't have to, I don't have

23  to talk about her, but I believe, you know, I can have

24  other discussion or because I have some family friends, I

25  visit them and I believe that they --

16

lt

```
 1              THE COURT:  Okay.  All right.  So relatives,
 2    that's no problem, but friends -- you're concerned that
 3    perhaps someone that you need to talk to at the hospital,
 4    unrelated to Ms. Riley, might also be a friend of Ms.
 5    Riley's?
 6              MR. IQBAL:  Right.
 7              THE COURT:  Okay, fine.  Well, I'll cross out
 8    friends.
 9              MR. ROEGGE:  Or you could just say, Your Honor,
10    in an effort to communicate.
11              THE COURT:  No, I think that's a little, I'll
12    cross out friends, but I'll just say that --
13              MR. IQBAL:  I know we are going deep.  I don't
14    think, you know, there will be, like I already said, you
15    know, I don't have any --
16              THE COURT:  But, but the thing that you need to
17    keep in mind is --
18              MR. IQBAL:  Right.
19              THE COURT:  -- that any conversation you have
20    with anyone, make sure that you don't mention or refer in
21    any way to Ms. Riley.  So I think that will be sufficient.
22    You have to make sure you don't do anything that might be
23    interpreted as an indirect way to communicate with Ms.
24    Riley.
25              MR. IQBAL:  Right.  I understand.
```

1t

```
 1              THE COURT:  All right.  Now in just a moment,
 2    I'll give this proposed order to each of you to review.
 3    If you agree to it, there's a place for each of you to
 4    sign on this form.  Now if the two of you sign it, I'll
 5    sign it and it becomes an order of the Court.  From that
 6    moment on, until a year from now, Mr. Iqbal, you are bound
 7    by it.  And if you violate it in any way, you should
 8    expect that would cause you to be imprisoned for contempt
 9    of court.
10              All right.  Do you understand what I just said,
11    Mr. Iqbal?
12              MR. IQBAL:  Yes, Your Honor, I do.
13              THE COURT:  All right.
14              (Pause.)
15              MS. RILEY:  That's fine, Your Honor.
16              THE COURT:  All right.  Sign where it says
17    plaintiff.  All right.  You can give it to Mr. Roegge.  He
18    can, all right.  All right.  And as much as the parties
19    agree to it, I will sign it and it now becomes an order of
20    the Court.  If you'll wait outside, you will each be given
21    a copy of the order.  Keep that with you.  It's -- it
22    would be a very important thing for you to have for the
23    next year.
24              MR. IQBAL:  Is it possible, Your Honor, that it
25    can be mailed to my home address?
```

1          THE COURT:  Mailed to your --

2          MR. IQBAL:  I can, I can pick it up, that's

3   fine.

4          THE COURT:  No, I prefer -- if you'd just wait

5   here, it'll just take a moment.

6          MR. IQBAL:  Okay.  That's fine.

7          THE COURT:  And, it'll just take a moment.

8          MR. IQBAL:  Sure.

9          THE COURT:  All right.  As a matter of fact, Ms.

10  Reed, if you could, if you could just make copies for them

11  right here while we wait here.

12          DEPUTY CLERK:  Okay.

13          (Pause.)

14          MR. ROEGGE:  Thank you very much.

15          MR. IQBAL:  Thank you.

16          THE COURT:  Okay.  Fine.  So the record will

17  reflect that everyone has a copy.  And as the record now

18  stands, there's no finding that anyone has done anything

19  inappropriate, anything wrong, but the record is clear

20  that Ms. Riley has made very clear her desire that you

21  just have no more contact with her.  And so, I accept your

22  word that you will honor that request and that's been

23  formalized by the order and so, hopefully that will end

24  the matter.  All right.

25          MR. IQBAL:  Yes, sir.

```
 1            THE COURT:  Thank you.  And I wish the best for
 2    your son, sir, in all of --
 3            MR. IQBAL:  Thank you very much.
 4            THE COURT:  -- his treatment.
 5            MR. IQBAL:  That's good.  He's in good care.
 6            THE COURT:  Well, I'm sure Georgetown is a fine
 7    institution and so he --
 8            MR. IQBAL:  They've been -- actually they are
 9    the ones to start the procedure and actually we were at
10    Duke a couple of days back and --
11            THE COURT:  I see.
12            MR. IQBAL:  We have good news.  So it's --
13            THE COURT:  Well, that's really good.
14            All right.  Thank you very much.
15            MR. ROEGGE:  Thank you, Your Honor.
16            MR. IQBAL:  Thank you.
17            MR. ROEGGE:  I appreciate that.
18            THE COURT:  Um-hmm.
19            (Thereupon, the hearing was concluded.)
20
21
22

      √   Digitally signed by Lori A. Tackett
```

## ELECTRONIC CERTIFICATE

I, Lori A. Tackett, transcriber, do hereby certify that I have transcribed the proceedings had and the testimony adduced in the case of RILEY vs. IQBAL, Case No. CA 113-07 in said Court, on the 18th day of January 2007.

I further certify that the foregoing 20 pages constitute the official transcript of said proceedings as transcribed from audio recording to the best of my ability.

In witness whereof, I have hereto subscribed my name, this 26th day of January 2007.

*Lori a. Tackett*

Transcriber

(Transcript Reviewed by Lori Edley, 2-7-07)

21

# EXHIBIT 12

MAR 05 2007

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **TRICIA ANN RILEY** | : | |
| Plaintiff | : | **Civil Action No. 2007 CA 000113B** |
| | : | |
| v. | : | |
| | : | |
| **AMER IQBAL** | : | |
| Defendant | : | **Judge Lynn Leibovitz** |

## ORDER

This matter is before the court on Defendant's Motion to Dismiss Temporary

Restraining Order, filed on January 31, 2007.

The Defendant failed to file proof of service of her motion as required by Rule 5-I

of the D.C. Superior Court Rules of Civil Procedure. Therefore, it is this 28th day of

February 2007,

**ORDERED** that the Defendant's Motion to Dismiss Temporary Restraining

Order is **DENIED** without prejudice.

**Lynn Leibovitz**
**Associate Judge**
**(signed in chambers)**

cc:

Amer Iqbal
17648 Tedler Circle
Roundhill, VA 20141

Bradford J. Roegge
101 South Washington Street
Rockville, MD 20850

MAILED From Chambers MAR 0 2 2007
DOCKETED In Chambers MAR 0 2 2007



Tricia Ann Riley
3800 Reservoir Road, NW
Kober Cogan Hall #101
Washington, DC

# EXHIBIT 13

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## MARRIAGE BUREAU
### INFORMATION FOR MARRIAGE LICENSE APPLICATION

DISTRICT OF COLUMBIA

License No: _____ Date: _____ Book No.: _____ Page No.: _____

Fee Paid: _____ Date on Premarital Blood Test Cards: _____ 2001 FEB 23  A 7:46
   Y/N        (Blood test results are good for 30 days from date taken.)        Civil Wed.: _____
Consent Date: _____/_____ Waiver Date: _____
                                                    RECEIVED
                                                    OFFICE OF THE
                                                    MARRIAGE BUREAU DIVISION

I, (Applicant) ___ **AMER** ___ **IQBAL**
          Prefix    First              MI        Last
do solemnly swear (affirm) that the answers to the following questions true, correct and complete.

Officiant Name: **ROBERT    S.    TIGNOR**
                 Prefix    First         MI         Last

Groom's
Name: **AMER    IQBAL** DOB: **01/02/1975** Age: **32**
      First    MI  Last

Groom's S.S. No: **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** Telephone Nos. (H) **5712776216** (W)_____

Former Marriages # **1** Status: **DIVORCED** if Divorced, Where was Decree Obtained? **PUNJAB/PAKISTAN**
                                                                      City/State

Do you have any pending criminal matters? Yes _____ No **✓**

Legal Residence **17648 TEDLER CIR ROUNDHILL VA 20141**
               Street Address        City        State      Zip Code

Bride's
Name: **TRICIA A RILEY** DOB: **05/07/1974** Age: **33**
      First    MI  Last

Bride's S.S. No: _____ Telephone Nos. (H) _____ (W) **202-687-5176**

Former Marriages # _____ Status: _____ if Divorced, Where was Decree Obtained? _____
                                                                      City/State

Do you have any pending criminal matters? Yes _____ No _____

                                        **KOBER COGAN HALL #10**
Legal Residence **3800 RESERVOIR ROAD, NW. WASHINGTON D.C. 20007**
               Street Address        City        State  Zip Code

Kinship Between Bride and Groom: _____ **NONE**
                              (Blood Relationship)

I understand that any intentional misrepresentation and/or omission of the above information is subject to criminal sanction for
perjury pursuant to D.C. Code Section 46-410.

APPLICANT SIGNATURE (S): _____              TO REPORT WASTE, FRAUD, OR ABUSE
                                             BY ANY D.C. GOVERNMENT OFFICE OR
            _____ 02/20/07                  OFFICIAL, CALL THE D.C. INSPECTOR
                                             GENERAL AT 1-800-521-1639.

Subscribed and sworn to before me this _____ day of _____

                Clerk of the Court,

                by Deputy Clerk _____

# EXHIBIT 14

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Tricia Anne Riley        *Plaintiff*

vs.

0000113-07

Civil Action No. _____

Amer Iqbal        *Defendant*
5021 Seminary Road #1202
Alexandria, VA 22311

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Tricia Anne Riley
Name of Plaintiff's Attorney

3800 Reservoir Road NW
Address
Rober Cogan Hall #101
Washington, DC 20007

Telephone 202-687-5176

*Clerk of the Court*

By _____
Deputy Clerk

Date 11/8/07

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# Superior Court of the District of Columbia

## CIVIL DIVISION

Tricia Anne Riley

                *Plaintiff*

vs.

                *Defendant*

Anver Iqbal
5021 Seminary Road #1202
Alexandria, VA 22311

| |
|---|
| RECEIVED |
| Civil Clerk's Office |
| JAN 0 8 2007 |
| Superior Court of the District of Columbia Washington, D.C. |

No. 0000113-07

### MOTION - (Pro-Se)

MOTION OF: Tricia Anne Riley      for TRO

(State briefly what you want the Court to do)

Stop harassing behavior at work, home, & home of relatives

Printed name:
Tricia Anne Riley

Address: 3800 Reservoir Rd NW
Kober Cogan Hall #101
Washington, DC 20007

Signature: [signature]

Home phone no.

Business phone no. 202-687-5176

### CERTIFICATE OF SERVICE

On January 8 , 20 07 , I mailed this motion to all the lawyers in the case, the plaintiff(s) and the defendant(s) who do not have lawyers. as listed below:

| Name: Anver Iqbal | Name: |
|---|---|
| Address: 5021 Seminary Rd # 1202 Alexandria VA 22311 | Address: |
| | [signature] |
| | Signature |

### POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

The defendant's behavior has caused disruption at work, in my department and in other department. It has also caused distress to myself, my family and my co-workers.

[signature]
Signature

Form CV-293/Dec 10

# Superior Court of the District of Columbia

## CIVIL DIVISION

Tricia Anne Riley

**Plaintiff**

vs.

**Defendant**

Anner Iqbal
5021 Seminary Road #1202
Alexandria, VA 22311

RECEIVED
Civil Clerk's Office

JAN 0 8 2007

Superior Court of the
District of Columbia
Washington, D.C.

No. 0000113-07

## MOTION - (Pro-Se)

for P I

**MOTION OF:**

(State briefly what you want the Court to do)

Stop harassing behavior at work, home & home of relatives

**Printed name:** Tricia Anne Riley

**Address:** 3800 Reservoir Rd NW
Keber Cogan Hall #101
Washington, DC 20007

**Signature:**

Home phone no.

Business phone no. 202-687-5176

## CERTIFICATE OF SERVICE

On January 8 _____, 2007, I mailed this motion to all the lawyers in the case, the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

| Name: Anner Iqbal | Name: |
|---|---|
| Address: 5021 Seminary Road #1202 Alexandria, VA 22311 | Address: |

Signature

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

The defendant's behavior has caused disruption at the hospital where I work - in my department and in other departments. It has also caused distress to myself, my family, and my co-workers.

Signature

Form CV-197/Dec 10

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Tricia Anne Riley
3800 Reservoir Rd NW
Kober cogan Hall #5101
Washington, DC 20007

*Plaintiff*

Amer Iqbal
5021 Seminary Road #1202
Alexandria, VA 22311

*Defendants*

0000113-07

CIVIL ACTION NO. _____

```
RECEIVED
Civil Clerk's Office
JAN 0 8 2007
Superior Court of the
District of Columbia
Washington, D.C.
```

### COMPLAINT

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

I saw Mr. Amer Iqbal's son for a hearing test on 6/5/06 at Georgetown University Hospital. In July, he called about the test results, and at that time he asked me out. I stated that I was not interested. Over the next 6 wks, he called our clinic several times per week, invited me to a dinner & a luncheon, dropped food off at the clinic on 3 occasions & waited in the waiting room to see me one afternoon. On 9/6/06, the department administrator contacted him and told him to stop trying to contact me. On 9/25/06, I received a call from the administrator of another department. She stated that the defendant has placed numerous calls to her staff asking them to contact me on his behalf. He was contacted by hospital security that day and was told he was not to have any contact with our clinic or the DC Police would be contacted. On 9/27/07 the defendant arrived at the home injury some of his look in for me.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ _____ with interest and costs.

Phone: _____

DISTRICT OF COLUMBIA, ss

Tricia Anne Riley _____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

_____
(Plaintiff)                                    (Agent)

Subscribed and sworn to before me this ___ day of ___ 20_7_.

_____
(Notary Public/Deputy Clerk)

FORM CV-1013/Nov. 00